UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KENNETH MORGAN, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-2978-B |
| | § | |
| THE CITY OF FORT WORTH, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Interdivisional Transfer (Doc. 6) from this Division to the Fort Worth Division of the United States District Court for the Northern District of Texas. For the reasons stated below, the Court **GRANTS** the Defendant's Motion.

I.

BACKGROUND

This case arises out of the termination of Plaintiff Kenneth Morgan's employment with Defendant City of Fort Worth. Doc. 6, Def.'s Mot. to Transfer, 1. Morgan alleges that the City's discriminatory and retaliatory actions—which culminated in his termination—were, at least in part, motivated by his race. Doc. 10, Pl.'s Resp., 1.

Concurrent with a motion to dismiss, the City moves to transfer this case to the Fort Worth Division under 28 U.S.C. § 1404. Doc. 6, Def.'s Mot. at 1. Plaintiff opposes the Motion, arguing Defendants have not met their burden, and, so, this proceeding ought to remain in this Division. Doc. 10, Pl.'s Resp., 1. All briefing has been received, and the Court now addresses the Motion.

## II.

## LEGAL STANDARDS

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division if (1) the Plaintiff could have brought that action there originally and (2) the transfer would be for "the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a). The movant bears the burden of proving both elements. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 n.10 (5th Cir. 2008) (en banc).

A plaintiff could have brought an action in a district or division initially if, at the time he filed the action: (1) any defendant resided in that district or division and (2) all defendants resided within the state. 28 U.S.C. § 1391(b)(1). In addition, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

To demonstrate that transfer would be for "the convenience of parties and witnesses, and in the interest of justice" under 28 U.S.C. § 1404(a), a movant must show good cause. *In re Volkswagen*, 545 F.3d at 315 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). To determine whether a movant has shown good cause, courts examine eight private and public factors. *Id.* (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). "The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (internal quotations omitted). The public interest factors are: (5) "the administrative difficulties flowing from court congestion;" (6) "the local interest in having localized

interests decided at home;" (7) "the familiarity of the forum with the law that will govern the case;" and (8) "the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* The balance of these factors must clearly weigh in favor of transferring to the new venue. *Id.* "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed." *Thomas v. City of Fort Worth*, 2008 WL 4225556, at * 2 (N.D. Tex. Sept. 15, 2008).

Public and private factors aside, a court must also independently consider how much weight to assign a plaintiff's choice of forum. *Davis v. City of Fort Worth*, 2014 WL 2915881, at *2 (N.D. Tex. June 25, 2014). That amount changes depending on whether a plaintiff has filed suit within his home forum or outside of it. "A plaintiff's choice is normally entitled to deference, but when she files suit outside her home forum, the weight accorded to the choice is diminished." *Id.* (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *4 (N.D. Tex. Sept. 14, 2011) (internal citations omitted)).

## III.

## ANALYSIS

The City moves this Court to transfer Morgan's action to the Fort Worth Division of the United States District Court for the Northern District of Texas under 28 U.S.C. §1404(a). Doc. 6, Def.'s Mot., 1.

Morgan could have originally brought his claims in the Fort Worth Division—his home forum—as all of the relevant events at issue occurred in the Fort Worth Division. *Id.* Because venue would have been initially proper in the Fort Worth Division under 28 U.S.C. 1391(b)(2), the City meets the preliminary requirement for transfer under 1404(a). *See* Doc. 10, Pl.'s Resp., 3; *Davis*, 2014

WL 2915881, at *1–2 (N.D. Tex. June 25, 2014). In addition, because Morgan filed outside of his home forum, his choice of the Dallas Division is not entitled to significant weight. *See id.* at *2 (assigning less weight to plaintiff's choice of forum when she sued the City of Fort Worth in Dallas, a forum other than her home forum, and part—if not all—of the events or omissions giving rise to her claims occurred in Fort Worth—"less than two miles away from the federal courthouse.")

The Court next considers the private and public interest factors to determine whether Defendants have established good cause to transfer the action.

*1.   Private Factors*

   a.   <u>Relative Ease of Access to Sources of Proof</u>

The first private interest factor that the Court examines is whether it would be significantly easier for both parties to access sources of proof in this case if it were transferred to the Fort Worth Division. Here, the City identifies eleven material witnesses whose testimony it may seek. Doc. 6, Def.'s Mot., 3–4. The City maintains that all witnesses reside in Tarrant County. *Id.* at 4.

In addition, much, if not all, of the potential physical evidence in this case is located in Fort Worth, where Morgan was employed. *Id.* Morgan, however, argues that "technological advances have decreased the importance of this factor." Doc. 10, Pl.'s Resp., 5 (citing *El Chico Rest. of Tex., Inc. v. Carroll*, 2010 WL 2652286, at *7 (N.D. Tex. June 29, 2010)). Still, as the *Davis* court recognized, "[r]egardless whether technological advances . . . would make litigating [a] case in the Dallas Division *possible*, there is still a *greater* ease of access to sources of proof" if the events occurred in Fort Worth. 2014 WL 2915881, at *3 (emphasis in original). Thus, this first factor weighs in favor of transfer.

b.  Availability of Compulsory Process to Secure Attendance of Witnesses

The City does not discuss this factor. *See* Doc. 6, Def.'s Mot., 4–5. Morgan argues that this factor is neutral. Doc. 10, Pl.'s Resp., 4. The Court agrees, and thus does not weigh it.

c.  Cost of Attendance for Witnesses

The City argues that the majority of the witnesses work "a short, 0.2 mile walk" from the Fort Worth Courthouse, which would make their cost of attendance much lower than if they were required to travel to Dallas. Doc. 6, Def.'s Mot., 8. Indeed, the City states that much of the proof in this case will come from witness testimony. Doc. 11, Def.'s Reply, 4.

Plaintiff argues that the City has provided insufficient proof that all witnesses do indeed reside in Tarrant County. Doc. 10, Pl.'s Resp., 5. But six of the eleven contemplated witnesses (including Morgan) work for the City, as Morgan's own Complaint shows. *See generally* Doc. 1, Pl.'s Compl. The City asserts that in fact all of the remaining witnesses work for the City as well, and that seven of the eleven (including Morgan) reside in Tarrant County. Doc. 6, Def.'s Mot., 4. And while the party seeking transfer also "must make a general statement of what their testimony will cover," *Davis*, 2014 WL 2915881, at *3, the Court can infer the subject matter of the testimony for six of the eleven witnesses, based on Morgan's complaint.

And *El Chico*, which Morgan cites in favor of denying transfer, is distinguishable. Doc. 10, Pl.'s Resp., 5. In *El Chico*, the court admonished the defendants for requesting transfer from Dallas to Fort Worth when defendants "ha[d] not identified any nonparty Fort Worth witnesses" and plaintiff had identified a Dallas resident witness. 2010 WL 2652286, at *3. But here, Morgan has not identified a single potential witness from Dallas, nor does he affirmatively assert that any of the City's

proposed witnesses are from anywhere other than Tarrant County. As such, the Court finds that the City has established that it would be more convenient for all identified non-party witnesses to testify in the Fort Worth Division. Thus, this factor also weighs in favor of transfer.

    iv.    <u>All Other Practical Problems</u>

The City does not discuss this factor. *See* Doc. 6, Def.'s Mot., 5–6. Morgan argues that this factor is neutral. Doc. 10, Pl.'s Resp., 4. The Court agrees, and thus does not weigh it.

2.    *Public Factors*

    i.    <u>Administrative Difficulties</u>

The City does not discuss this factor. *See* Doc. 6, Def.'s Mot., 6. Morgan argues that this factor is neutral. Doc. 10, Pl.'s Resp., 4. The Court agrees, and thus does not weigh it.

    ii.    <u>Local Interest</u>

As the *Davis* court recognized, the localized interest factor "generally favors the venue where the acts giving rise to the lawsuit occurred." *Davis*, 2014 WL 2915881 at *6 (quoting *Metromedia Steakhouses Co. v. BMJ Foods P.R., Inc.*, 2008 WL 794533, at *3 (N.D. Tex. Mar. 26, 2008) (internal citations omitted)). Morgan admits that his case is one of local concern—this is an employment dispute that arose in Fort Worth during Morgan's employment with the City of Fort Worth. Doc. 10, Pl.'s Resp., 6. But Morgan argues in essence that because tax dollars will fund the litigation, it will be too difficult to find an impartial jury. The Court does not find this argument persuasive; it is just as likely that a jury may be sympathetic to Morgan's case, depending on each juror's experience with the City. Thus, it is the Fort Worth Division that has the localized interest in deciding this case, and despite Morgan's concerns, this factor weighs in favor of transfer as well.

    iii.    <u>Familiarity with Governing Law</u>

The City does not discuss this factor. *See* Doc. 6, Def.'s Mot., 6–7. Morgan argues that this factor is neutral. Doc. 10, Pl.'s Resp., 4. The Court agrees, and thus does not weigh it.

    iv.    <u>Avoidance of Unnecessary Conflict of Laws</u>

The City does not discuss this factor. *See* Doc. 6, Def.'s Mot., 6–7. Morgan argues that this factor is neutral. Doc. 10, Pl.'s Resp., 4. The Court agrees, and thus does not weigh it.

## IV.

## CONCLUSION

Weighing the factors in this case, the Court finds that the City has satisfied its burden of showing that the Northern District of Texas, Fort Worth Division would be "clearly more convenient." *See In re Volkswagen*, 545 F.3d at 315. Indeed, Morgan has not identified a single factor in favor of maintaining this case in the Dallas Division. *See Davis*, 2014 WL 2915881, at *6. Accordingly, the Court **GRANTS** Defendant's Motion for Interdivisional Transfer (Doc. 6).

This case is hereby **TRANSFERRED** to the Fort Worth Division of the Northern District of Texas. The Clerk of Court shall effect the transfer according to the usual procedure.

**SO ORDERED.**

**DATED December 14, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE